UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CIGDEM DOKUMACI,

    Plaintiff,

v.                                      Case No.: 8:09-cv-02488-T-24-TGW

MAF COLLECTION SERVICES,

    Defendant.
_____/

**ORDER GRANTING**
**MOTION TO DISMISS WITHOUT PREJUDICE**

This cause comes before the Court on Defendant MAF Collection Services' ("MAF") Motion to Dismiss the Complaint, which alleges that MAF violated the Fair Debt Collection Practice Act ("FDCPA").[1] MAF also filed, in the alternative, a Motion for a More Definite Statement. (Doc. 5). Plaintiff Cigdem Dokumaci opposes both motions. (Doc. 7).

Because Dokumaci failed to plead sufficient facts to establish that he is a consumer and MAF is a debt collector as defined by the FDCPA, the Court grants MAF's motion to dismiss without prejudice. However, since Dokumaci's pleading deficiencies can be easily corrected, the Court grants Dokumaci leave to file an Amended Complaint by April 23, 2010.

**BACKGROUND**

On December 9, 2009, Dokumaci filed a one-count Complaint alleging that MAF violated the Fair Debt Collection Practices Act by calling him five times a day every Sunday for

---

[1] 15 U.S.C. 1692 *et seq*.

1

an unspecified period of time to collect a $38 debt. (Doc. 1.) The Complaint alleges that MAF's representatives left threatening voice mail messages, telling him to "pay up or else," and spoke to him in an abusive and threatening manner. The Complaint also states that Dokumaci is a consumer and MAF is a debt collector, as defined by 15 U.SC. §§ 1692(a), but does not plead any facts to support that legal conclusion.

## STANDARD OF REVIEW

In deciding a motion to dismiss, the district court is required to view the complaint in the light most favorable to the plaintiff. *Murphy v. Federal Deposit Ins. Corp.*, 208 F.3d 959, 962 (11th Cir. 2000). Federal Rules of Civil Procedure 8(a)(2) and 12(b)(6) require a pleading to contain a short and plain statement of the claim showing the pleader is entitled to relief in order to give the defendant fair notice of what the claim is and the grounds upon which it rests. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation omitted).

Although Rule 8 does not require a claimant to set out in detail the facts upon which he bases his claim, it "demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). To survive a motion to dismiss, a complaint must allege sufficient facts, accepted as true, to state a plausible claim for relief. *Id.* While the Court must assume that all of the factual allegations in the complaint are true, this assumption is inapplicable to legal conclusions. The door to discovery will not open for a plaintiff "armed with nothing more than legal conclusions." *Id.* at 1950. But where a complaint contains well-pleaded facts, if those facts "do not permit the court to infer more than the mere possibility of misconduct," the complaint stops short of plausibility and does not show the plaintiff is entitled to relief. *Id.*

**DISCUSSION**

MAF moves to dismiss this case on three grounds. First, MAF contends that Dokumaci failed to allege sufficient facts to support its allegation that a consumer transaction occurred. Second, MAF argues Dokumaci failed to allege sufficient facts to support the allegation that MAF is a debt collector. Third, MAF argues in a footnote that Dokumaci's complaint does not comply with Federal Rule of Civil Procedure 10(b) because Dokumaci filed a one-count Complaint for four violations of the FDCPA.

**A.    Dokumaci Failed to Allege Sufficient Facts to State a FDCPA Claim**

In order to state a claim under the FDCPA, a plaintiff must show: (1) that he has been subject to a collection activity arising from a consumer debt; (2) that the defendant is a debt collector as defined by the FDCPA; and (3) that the defendant has participated in an act or omission prohibited by the FDCPA. *McCorriston v. L.W.T., Inc.*, 536 F. Supp.2d 1268, 1273 (M.D. Fla. 2008). MAF contends that the Complaint should be dismissed because Dokumaci has failed to allege facts sufficient to state the first two elements of a FDCPA claim. The Court agrees.

The Complaint pleads no facts to establish the first two elements of its claim. Instead, it merely asserts legal conclusions. Such "threadbare recitals" will not survive a motion to dismiss under the standard set by the Supreme Court in *Iqbal*. In fact, since *Iqbal*, districts courts have dismissed complaints in similar FDCPA cases that simply state that the plaintiff is a consumer and the defendant is a debt collector.[2]

---

[2] *See Sullivan v. CTI Collection Services*, No. 8:09-cv-365-T-30TGW, 2009 WL 1587588, at *2 (M.D. Fla. Jun 5, 2009) (dismissing a complaint filed in the same manner as this Complaint, which was filed by the same law firm that represents Dokumaci in this case); *Solomon v. HSBC Mortgage Corp.*, No. 09-CIV-200-C, 2009 WL 2579803, at *2 (W.D. Okla. Aug. 18, 2009) (stating that the plaintiff's allegation that the defendant was a debt

Dokumaci counters that he does not need to plead facts to support his claim because these facts are readily available to MAF.[3] Even if true, Dokumaci still must plead these facts because the Court cannot assume a plaintiff can prove facts not alleged.[4] Dokumaci also argues that the facts of *Iqbal* can be distinguished from this case. But *Iqbal* is cited to establish the standard of review for a motion to dismiss, not for its factual similarity to this case.

B.   **Dokumaci's One-Count Complaint Is Proper**

In a footnote, MAF also argues that the Complaint should be dismissed because it alleges four violations of the FDCPA in one count, rather than in four counts. Rule 10(b) of the Federal Rules of Civil Procedures states: "If doing so would promote clarity, each claim founded upon a separate transaction or occurrence . . . must be stated in a separate count . . . ." In this case, the combination of phone calls, voice mail messages, and phone conversation over a period of time form a single violation of the FDCPA. In fact, the FDCPA provides a maximum of $1,000 in statutory damages per individual action, not per transaction or occurrence.[5] Thus, the combination of occurrences lead to one claim for damages under the FDCPA. Therefore, Plaintiff does not need to separate the Complaint into four counts.

---

collector was not sufficient). *See also Williams v. Edelman*, No.05-CV-ALTONAGA-TURNOFF, 408 F.Supp. 2d 1261, 1265 (S.D. Fla. Dec. 28, 2005) (same) (internal citation omitted).

[3] In his response to the Motion to Dismiss, Dokumaci states that debt originates from charges from an emergency room visit to "Mease Hospital," which presumably refers to one of the four hospitals in the Tampa Bay area owned by Morton Plant Mease BayCare Health System. Dokumaci also states that MAF is a debt collector because MAF's website identifies it as a collection agency.

[4] *Quality Foods de Centro Am., S.A. v. Latin Am. Agribusiness Dev. Corp., S.A.*, 711 F.2d 989, 995 (11th Cir. 1983) (internal citations omitted).

[5] *Harper v. Better Bus. Serv., Inc.*, 961 F.2d 1561, 1563 (11th Cir. 1992).

4

## **CONCLUSION**

Accordingly, the Motion to Dismiss (Doc. 5) is **GRANTED** to the extent that the Complaint is **DISMISSED WITHOUT PREJUDICE**. Dokumaci is granted leave to file an Amended Complaint by April 23, 2010. Failure to file an Amended Complaint by April 23, 2010 will result in dismissal of the case with prejudice.

The Motion for a More Definite Statement (Doc. 5) is **DENIED as moot**.

**IT IS SO ORDERED**.

Done in Tampa, Florida, on April 14, 2010.

SUSAN C. BUCKLEW
United States District Judge