UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CIGDEM DOKUMACI,

    Plaintiff,

v.                                                      Case No.: 8:09-cv-02488-T-24-TGW

MAF COLLECTION SERVICES,

    Defendant.
_____/

**ORDER DISMISSING**
**CASE WITHOUT PREJUDICE**

This cause comes before the Court on Defendant MAF Collection Services' ("MAF") Motion to Dismiss the Amended Complaint, which alleges that MAF violated the Fair Debt Collection Practice Act ("FDCPA").[1] (Doc. 20.) Plaintiff Cigdem Dokumaci opposes the motion. (Doc. 21.)

Because Dokumaci has again failed to plead sufficient facts to establish that he is a consumer and MAF is a debt collector as defined by the FDCPA, the Court grants MAF's motion to dismiss without prejudice. Due to the straightforward modifications required, the Court grants Dokumaci leave one final time to file a Second Amended Complaint by June 23, 2010.

**BACKGROUND**

On December 9, 2009, Dokumaci filed a one-count Complaint alleging that MAF

---

[1] 15 U.S.C. 1692 *et seq.*

1

violated the FDCPA because MAF's representatives called him constantly and continuously five or more times every Sunday since October 2009, demanding payment for a $38 debt. The Complaint alleged that MAF representatives spoke to Dokumaci in an abusive and harassing manner, stating that "he better pay up or else." (Doc. 1.) MAF filed a Motion to Dismiss for failure to state a claim upon which relief could be granted or, in the alternative, a Motion for a More Definite Statement. (Doc. 5.)

The Court granted the Motion to Dismiss without prejudice and gave Dokumaci leave to file an Amended Complaint. (Doc. 10). Dokumaci timely filed an Amended Complaint on April 23, 2010.

## **STANDARD OF REVIEW**

In deciding a motion to dismiss, the district court is required to view a complaint in the light most favorable to the plaintiff. *Murphy v. Federal Deposit Ins. Corp.,* 208 F.3d 959, 962 (11th Cir. 2000). Federal Rules of Civil Procedure 8(a)(2) and 12(b)(6) require a pleading to contain a short and plain statement of the claim showing the pleader is entitled to relief in order to give the defendant fair notice of what the claim is and the grounds upon which it rests. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The Court must accept all factual allegations contained in a Complaint as true.

But "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Ashcroft v. Iqbal,* 129 S. Ct. 1937, 1949 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (internal citations omitted). Thus, " a court considering a motion

to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Id.* at 1950.

**DISCUSSION**

In order to state a claim under the FDCPA, a plaintiff must show: (1) that he has been subject to collection activity arising from a consumer debt; (2) that the defendant is a debt collector as defined by the FDCPA; and (3) that the defendant has participated in an act or omission prohibited by the FDCPA. *McCorriston v. L.W.T., Inc.*, 536 F. Supp. 2d 1268, 1273 (M.D. Fla. 2008). MAF contends that the Amended Complaint should be dismissed because Dokumaci has again failed to allege facts sufficient to state the first two elements of a FDCPA claim. The Court again agrees.

Dokumaci's Amended Complain is insufficient because it merely asserts the legal conclusion that Dokumaci is a consumer and MAF is a debt collector, as defined by 15 U.S.C. § 1692(a). But the Amended Complaint does not plead sufficient facts to support these legal conclusions. To establish the first element of the claim, Dokumaci merely pleads that "Plaintiff is a consumer as that term is defined by 15 U.S.C. 1692a(3), and according to Defendant, Plaintiff allegedly owes a debt as that term is defined by 15 U.S.C. 1692a(5)." (Doc. 13 ¶ 8.) The law insists that Dokumaci plead facts to establish the nature of the debt for substantive reasons—not simply to be nit-picky. The FDCPA applies to certain types of debts, but not others.[2] If Dokumaci does not plead facts that establish the nature of the debt, then MAF cannot evaluate whether Dokumaci has stated a claim under FDCPA. Dokumaci's pleading that Mease

---

[2] The FDCPA applies to debt collectors, not creditors, attempting to collect consumer debt arising primarily for personal, family or household purposes. 15 U.S.C. § 1692a(5)-(6). Further, the FDCPA does not apply to third party debt collectors pursuing payment if the debt was assigned and/or acquired prior to any default on the obligation. 15 U.S.C. § 1692a(6)(F).

Hospital was the original creditor of the $38 debt (Doc. 13 ¶ 12) does not sufficiently allege facts to give MAF fair notice of the nature of the debt. This fact only reveals the identity of the creditor, not the nature of the debt.

To establish the second element of the claim, Dokumaci pleads that "Defendant is a debt collector as that term is defined by 15 U.S.C. § 1692a(6) and sought to collect a consumer debt from Plaintiff." (Doc. 13 ¶ 10.) Dokumaci's failure to plead facts to support its legal conclusion that MAF is a debt collector also prevents MAF from determining whether Dokumaci failed to state a claim. By pleading that MAF called Dokumaci from an 800 telephone number, Dokumaci has plead adequate facts to establish that MAF used instruments of interstate commerce. But he has not plead adequate facts to establish that MAF does not fall within the statute's six exclusions.[3] As the Court noted in its earlier ruling, district courts have dismissed complaints in similar FDCPA cases that simply state that the plaintiff is a consumer and the

---

[3] The definition of "debt collector" in § 1692a(6) excludes the following six categories:

    (A) any officer or employee of a creditor while, in the name of the creditor, collecting debts for such creditor;
    (B) any person while acting as a debt collector for another person, both of whom are related by common ownership or affiliated by corporate control, if the person acting as a debt collector does so only for persons to whom it is so related or affiliated and if the principal business of such person is not the collection of debts;
    (C) any officer or employee of the United States or any State to the extent that collecting or attempting to collect any debt is in the performance of his official duties;
    (D) any person while serving or attempting to serve legal process on any other person in connection with the judicial enforcement of any debt;
    (E) any nonprofit organization which, at the request of consumers, performs bona fide consumer credit counseling and assists consumers in the liquidation of their debts by receiving payments from such consumers and distributing such amounts to creditors; and
    (F) any person collecting or attempting to collect any debt owed or due or asserted to be owed or due another to the extent such activity (i) is incidental to a bona fide fiduciary obligation or a bona fide escrow arrangement; (ii) concerns a debt which was originated by such person; (iii) concerns a debt which was not in default at the time it was obtained by such person; or (iv) concerns a debt obtained by such person as a secured party in a commercial credit transaction involving the creditor.

defendant is a debt collector.[4]

The Court realizes that Dokumaci may possess the necessary information to plead this Complaint. Dokumaci has included the pertinent facts in its earlier responses to MAF's motions to dismiss. But a response is not a pleading. The Federal Rules of Civil Procedure require that a plaintiff place the necessary facts to support a claim in a pleading, not in subsequent motions or responses. Dokumaci simply needs to copy the relevant facts in his responses and paste them into the appropriate place in his pleading. If Dokumaci is unable or unwilling to do so, then the Court will dismiss the case with prejudice.

## CONCLUSION

Accordingly, the Motion to Dismiss the Amended Complaint (Doc. 20) is **GRANTED** to the extent that the Amended Complaint is **DISMISSED WITHOUT PREJUDICE**. Dokumaci is granted leave to file a Second Amended Complaint by June 23, 2010.

Failure to file an Amended Complaint by June 23, 2010 will result in dismissal of the case with prejudice.

**IT IS SO ORDERED.**

*Done on June 17, 2010.*

SUSAN C. BUCKLEW
United States District Judge

---

[4] *See Sullivan v. CTI Collection Services,* No. 8:09-cv-365-T-30TGW, 2009 WL 1587588, at *2 (M.D. Fla. June 5, 2009) (dismissing a complaint filed in the same manner as this Complaint and Amended Complaint, which was filed by the same law firm that represents Dokumaci in this case); *Solomon v. HSBC Mortgage Corp.,* No. 09-CIV-200-C, 2009 WL 2579803, at *2 (W.D. Okla. Aug. 18, 2009) (stating that the plaintiff's allegation that the defendant was a debt collector was not sufficient). *See also Williams v. Edelman*, No. 05-CV-ALTONAGA-TURNOFF, 408 F.Supp. 2d 1261, 1265 (S.D. Fla. Dec. 28, 2005) (same) (internal citation omitted).