UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CIGDEM DOKUMACI,

       Plaintiff,

v.                                         Case No.  8:09-cv-2488-T-24 TGW

MAF COLLECTION SERVICES,

       Defendant.

_____/

**ORDER**

      This cause is before the Court on Defendant MAF Collection Services' ("MAF") Motion

for Summary Judgment (Doc. No. 41) and Plaintiff Cigdem Dokumaci's ("Dokumaci") Motion

for Partial Summary Judgment (Doc. No. 44).  Dokumaci has filed a response in opposition to

MAF's Motion for Summary Judgment (Doc. No. 51), and MAF has filed a response in

opposition to Dokumaci's Motion for Partial Summary Judgment (Doc. No. 52).

**I.**     **Background**

      This case involves alleged violations of the Fair Debt Collection Practices Act

("FDCPA"), 15 U.S.C. § 1692 *et seq.*, arising out of collection activities by MAF.   On June 23,

2010, Dokumaci filed a one-count Second Amended Complaint alleging that MAF violated 15

U.S.C. § 1692d, which prohibits a debt collector from engaging "in any conduct the natural

consequence of which is to harass, oppress, or abuse any person in connection with the

collection of a debt."  15 U.S.C. § 1692d.  Specifically, Dokumaci alleges that MAF violated: (1)

§ 1692d(2) by using abusive language when speaking to Dokumaci; (2) § 1692d(5) by causing a

telephone to ring repeatedly and continuously with the intent to annoy, abuse, and harass

Dokumaci; and (3) § 1692d(6) by placing telephone calls without meaningful disclosure of the caller's identity to Dokumaci. (Doc. No. 27 ¶ 32). In the Second Amended Complaint, Dokumaci seeks a declaratory judgment that MAF's conduct violated the FDCPA, statutory damages of $1,000.00, and costs and reasonable attorneys' fees. *Id.* at ¶¶ 33-35.

MAF was retained by Radiology Associates of Clearwater to attempt collection of an unpaid $38.00 debt allegedly owed by Dokumaci. (Doc. No. 45, Flynn[1] Depo. at 17-18). Dokumaci alleges that beginning in October of 2009, MAF attempted to collect the alleged $38.00 debt by calling her home telephone number six times every Saturday and Sunday for four to five weeks. (Doc. No. 46, Dokumaci Depo. at 9-11). Dokumaci further alleges that MAF left automated messages on her answering machine each time that MAF called and that the calls were placed and messages were left less than one minute apart. *Id.* at 17. Dokumaci submitted to the Court her affidavit with an attached transcript of five messages that were left on her answering machine by MAF:

> This is a message for Cigdem Dokumaci. If you are not Cigdem Dokumaci, please hang up or disconnect. If you are Cigdem Dokumaci, please continue to listen to this message. There will now be a three-second pause in this message. By continuing to listen to this message, you acknowledge that you are Cigdem Dokumaci. Cigdem Dokumaci you should not listen to this message so that other people can hear it as it contains personal and private information. There will now be a three-second pause to allow you to listen to this message in private. This is MAF Collection Services. This communication is from a debt collector. This is an attempt to collect a debt and any information obtained will be used for that purpose. Please contact us at 1-800-749-77 . . .[2]

---

[1]Thomas Curtis Flynn is the Senior Vice President of MAF. (Doc. No. 45, Flynn Depo. at 10).

[2]This message appears twice on the transcript submitted to the Court. (Doc. No. 44, Exh. 1C).

2

This is a message for Cigdem Dokumaci.  If you are not Cigdem Dokumaci, please hang up or disconnect.  If you are Cigdem Dokumaci, please continue to listen to this message.  There will now be a three-second pause in this message.  By continuing to listen to this message, you acknowledge that you are Cigdem Dokumaci.  Cigdem Dokumaci you should not listen to this message so that other people can hear it as it contains personal and private information.  There will now be a three-second pause to allow you to listen to this message in private.  This is Merchant's Association Collection Division.  This communication is from a debt collector.  This is an attempt to collect a debt and any information obtained will be used for that purpose.  Please contact us at 1-800-749-771 . . .

Cigdem Dokumaci, this is a very important business matter.  If you are the person requested press "1."  If you can leave this person a message press "2."  If this is a wrong number press "9."[3]

(Doc. No. 44, Exh. 1C).[4]

 Dokumaci testified that she has never spoken to a live person from MAF and that she attempted to call MAF at the number they left on her answering machine but never reached a live person.  (Doc. No. 46, Dokumaci Depo. at 34-35).  As a result of the repeated phone calls and messages, Dokumaci filed suit against MAF on December 9, 2009.  (Doc. No. 1).  MAF now moves for summary judgment and Dokumaci moves for partial summary judgment.   (Doc. No. 41 & 44).

II.     **Standard of Review**

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact."  Fed. R. Civ. P. 56(a).  The Court must draw all inferences from the

---

[3]This message appears twice on the transcript submitted to the Court. (Doc. No. 44, Exh. 1C).

[4]Dokumaci testified that these five messages were the only messages she was able to save on her answering machine but that MAF left other messages.  (Doc. No. 46, Dokumaci Depo. at 21).

evidence in the light most favorable to the non-movant and resolve all reasonable doubts in that party's favor. *Porter v. Ray*, 461 F.3d 1315, 1320 (11th Cir. 2006). The moving party bears the initial burden of showing the Court, by reference to materials on file, that there are no genuine issues of material fact that should be decided at trial. *Id.*

When a moving party has discharged its burden, the non-moving party must then go beyond the pleadings, and by its own affidavits, or by depositions, answers to interrogatories, and admissions on file, designate specific facts showing there is a genuine issue for trial. *Id.* In determining whether there is a "genuine" issue, the inquiry is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52, 106 S. Ct. 2505 (1986).

## III.   Discussion

MAF moves for summary judgment on all of Dokumaci's claims that MAF violated §1692d of the FDCPA, and Dokumaci moves for summary judgment only on her claim that MAF violated § 1692d(6) of the FDCPA in that MAF placed phone calls to Dokumaci without meaningful disclosure of the caller's identity. In her response in opposition to MAF's motion for summary judgment, Dokumaci voluntarily withdrew her § 1692d(2) claim that MAF used abusive language when speaking to Dokumaci. (Doc. No. 51 at 17-18). Accordingly, the Court will only analyze whether summary judgment is appropriate on Dokumaci's claims that MAF violated § 1692d(5) and § 1692d(6).

### A.   15 U.S.C. § 1692d(5)

The FDCPA prohibits a debt collector from engaging in "any conduct the natural

consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." 15 U.S.C. § 1692d. Such harassing or abusive conduct prohibited by the FDCPA includes "(5) [c]ausing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number." 15 U.S.C § 1692d(5). "Courts have held that '[w]hether there is actionable harassment or annoyance turns not only on the volume of calls made, but also on the pattern of calls." *Brandt v. I.C. System, Inc.*, 2010 WL 582051, at *2 (M.D Fla. Feb. 19, 2010) (quoting *Akalwadi v. Risk Mgmt. Alternatives, Inc.*, 336 F. Supp. 2d 492, 505 (D. Md. 2004)). "'Ordinarily, whether conduct harasses, oppresses, or abuses will be a question for the jury.'" *Nicholas v. Nationwide Credit, Inc.*, 2010 WL 503071, at *5 (S.D. Fla. Feb. 8, 2010) (quoting *Jeter v. Credit Bureau, Inc.*, 760 F.2d 1168, 1179 (11th Cir. 1985)). Furthermore, "[i]ntent may be established by circumstantial evidence or inferred from a party's actions." *Nicholas*, 2010 WL 503071, at *5.

MAF contends that it is entitled to summary judgment on Dokumaci's claim that it violated § 1692d(5) because "the record evidence is devoid of any intent to annoy or harass, rather it reflects the difficulty of reaching Plaintiff, as Plaintiff never spoke with Defendant." (Doc. No. 41 at 7). MAF also states that its "call logs reflect a total of eight calls made, with one call each day" to Dokumaci. *Id.* Dokumaci, however, testified at her deposition that she received six to seven back-to-back calls every Saturday and Sunday for four to five weeks. (Doc. No. 46, Dokumaci Depo. at 9-11). Accordingly, because the record contains conflicting evidence as to the volume, frequency, and pattern of calls made, the Court finds that genuine issues of material fact exist that preclude summary judgment on this claim.

**B.      15 U.S.C. § 1692d(6)**

The FDCPA also prohibits "the placement of telephone calls without meaningful

disclosure of the caller's identity."  15 U.S.C. § 1692d(6).  Courts have defined "'meaningful

disclosure' to include disclosure of the caller's name, the debt collection company's name, and

the nature of the debt collector's business."  *Sclafani v. BC Services, Inc.*, 2010 WL 4116471, at

*2 (S.D. Fla. Oct. 18, 2010) (citing *Valencia v. Affiliated Group, Inc.*, 2008 WL 4372895, at *3

(S.D. Fla. Sept. 23, 2008)); *see also Wright v. Credit Bureau of Georgia, Inc.*, 548 F. Supp. 591,

597 (N.D. Ga. 1982) ("the meaningful disclosure required by section 1692d(6) has been made if

an individual debt collector who is employed by a debt collection company accurately discloses

the name of her employer and the nature of her business and conceals no more than her real

name"); *Hosseinzadeh v. M.R.S. Assocs., Inc.*, 387 F. Supp. 2d 1104, 1112 (C.D. Cal. 2005)

("defendant violated § 1692d(6) when its employees failed to disclose defendant's identity and

the nature of defendant's business in the messages left on plaintiff's answering machine").

Debt collection companies have struggled to reconcile this "meaningful disclosure"

requirement with another FDCPA provision, 15 U.S.C. § 1692c(b), which states "a debt collector

may not communicate, in connection with the collection of any debt, with any person other than

the consumer."  15 U.S.C. §1692c(b).  In order to comply with § 1692d(6) and § 1692c(b), a

debt collector must ensure that it provides meaningful disclosure to the debtor it is trying to

contact but that it does not reveal the nature of the call to a third party.

Dokumaci contends that MAF violated § 1692d(6) by leaving the following message on

her answering machine: "Cigdem Dokumaci, this is a very important business matter.  If you are

the person requested press '1.'  If you can leave this person a message press '2.'  If this is a

wrong number press '9.'" (Doc. No. 44 at 5).[5]  MAF contends that this type of automated

message is only communicated if a live person answers the phone.  Additionally, MAF states

that if the live person presses "1" to identify herself as the person requested, a message then

plays identifying MAF as a debt collector.  (Doc. No. 45, Flynn Depo. at 29-30; Doc. No. 41 at

13-14).  Flynn testified that this type of message allows MAF to ensure that the individual

picking up the phone is the correct party.  (Doc. No. 45, Flynn Depo. at 30-31).  The Court notes

that MAF is attempting to comply with both § 1692d(6) and 1692c(b) by using this automated

message to ensure that the individual answering the phone is the debtor it is trying to reach

before revealing that the call is from a debt collector.  The Court further notes that if this

automated message worked properly when a live person answered the phone, *i.e.*, once the live

person pressed "1" to identify herself as the debtor, the message would then identify MAF as a

debt collector, it appears that MAF would be in compliance with both § 1692d(6) and 1692c(b).[6]

There is a genuine issue of material fact as to whether this automated message was

communicated only when Dokumaci answered the telephone or whether it was ever left on her

answering machine without a live person answering the telephone.  Additionally, the record is

unclear as to whether the message worked correctly when Dokumaci did answer the phone.  (*See*

Doc. No. 46, Dokumaci Depo. at 25-26).  Accordingly, the Court finds that summary judgment

on this claim is not warranted for either MAF or Dokumaci.

-----

[5]Dokumaci does not contend that the two messages left by MAF in which MAF identifies itself as a debt collector, *supra* at 2-3, violate any provision of the FDCPA.

[6]However, the parties have not provided the Court with any factually similar cases regarding this type of automated message.  Accordingly, the parties should be prepared with citations to legal authority if they wish to address this issue in the future.

**III.    Conclusion**

Accordingly, it is ORDERED AND ADJUDGED that:

(1)    MAF's Motion for Summary Judgment (Doc. No. 41) is **GRANTED IN
PART AND DENIED IN PART**.  MAF's Motion for Summary
Judgment is granted as to Dokumaci's §1692d(2) claim as Dokumaci
voluntarily withdrew this claim; otherwise, the motion is denied.

(2)    Dokumaci's motion for Partial Summary Judgment (Doc. No. 44) is
**DENIED**.

**DONE AND ORDERED** at Tampa, Florida, this 4th day of March, 2011.

Copies to:
Counsel of Record

SUSAN C. BUCKLEW
United States District Judge